IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERRICK WILLIS (# K0079)**                                           **PLAINTIFF**

v.                                                                                       **No. 4:08CV60-P-A**

**RICHARD PENNINGTON,**
**LEGAL ASSISTANCE DIRECTOR**                                    **DEFENDANT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Derrick Willis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the Inmate Legal Assistance Program did not assist him properly and thus caused his federal petition for a writ of *habeas corpus* to be untimely filed. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations[1]

The plaintiff alleges that inaction by the Inmate Legal Assistance Program at the Mississippi State Penitentiary in Parchman caused him to file his federal petition for a writ of *habeas corpus* beyond the one-year federal limitations period.

### State Court Proceedings

Derrick Willis was convicted of capital murder, armed robbery and conspiracy in the Circuit Court of Grenada County, Mississippi. The court imposed consecutive sentences in the Mississippi Department of Corrections: life imprisonment on the capital murder conviction, life

---

[1]The court takes judicial notice of prior proceedings involving the plaintiff, both state and federal, *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976), and has set forth the procedural history of the plaintiff's state and federal proceedings nearly verbatim from its May 9, 2005, memorandum opinion and final judgment in *Willis v. Greer*, 3:04CV53-D-A.

imprisonment on the armed robbery conviction, and five years on the conspiracy conviction. On September 20, 2001, the Mississippi Supreme Court affirmed the plaintiff's conviction and sentence. *Williams and Willis v. State,* 794 So. 2d 1019 (Miss. 2001). The records of the Mississippi Supreme Court Clerk's office and the docket of the United States Supreme Court as posted on the official court websites do not reflect that Derrick Willis filed a petition for writ of *certiorari* to the United States Supreme Court. Willis filed an "Application for Leave to File Motion to Proceed in the Trial Court" August 28, 2003. The Mississippi Supreme Court denied the application February 25, 2004. Mississippi Supreme Court Cause No. 2003-M-01885.

## Federal Court Proceedings

Willis filed the instant federal petition for a writ of *habeas corpus* March 11, 2004. The state moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). In his reply, however, Willis alleged that the tardiness of his petition should be excused because he had no access to legal materials during his stay at Unit 32 at the Mississippi State Penitentiary and thus could not have known about the one-year period of limitation for filing a federal *habeas corpus* petition. Given this allegation, the court directed the state to respond, and the state did so June 10, 2004. In its response, the state submitted proof that Willis had access to legal materials, including the one-year limitations period. Willis filed a supplemental brief August 5, 2004, arguing for the first time that, although he may have had access to legal materials during his stay at Unit 32, he did not understand them because he is illiterate. On August 27, 2004, the court appointed Willis counsel and set an evidentiary hearing for November 18, 2004, to determine the factual issues surrounding his access to legal materials. Willis filed a November 23, 2004, motion for the court to issue subpoenas seeking information regarding his mental ability. The state responded January 18, 2005, arguing first that the court should reconsider its decision to hold an evidentiary hearing and, second, should the case proceed to evidentiary hearing, that the

court limit discovery based upon the sole factual issue: whether Willis had either: (1) actual knowledge of the one year statute of limitations for filing a federal petition for a writ of *habeas corpus*, or (2) access to information regarding the federal *habeas corpus* limitations period. The court directed Willis to respond to the motion for reconsideration and continued the evidentiary hearing until further order of the court. Willis responded to the motion, and the state replied. The court granted the state's motion for reconsideration, denied the plaintiff's motion for subpoenas, and canceled the evidentiary hearing. The court found that Willis was not entitled to equitable tolling and that his federal petition for a writ of *habeas corpus* was untimely filed. Willis was not entitled to equitable tolling of the one-year limitations period because he had access to information explaining his state post-conviction and federal *habeas corpus* rights – including a detailed explanation of the interplay between state and federal limitation periods.

In the present case filed under 42 U.S.C. § 1983, the plaintiff argues that the Inmate Legal Assistance Program director violated the plaintiff's right of access to the courts by failing to provide legal assistance to the plaintiff in a timely fashion.

## Discussion

The plaintiff's sole claim in this case must fail for three reasons. First, the claim is untimely under Mississippi's general statute of limitations, and neither Willis' incarceration nor illiteracy can trigger equitable tolling to overcome the three-year state statute of limitations for prisoner actions filed under 42 U.S.C. § 1983. In addition, under the doctrine of collateral estoppel, the plaintiff had timely access to materials discussing the one-year federal limitations period for seeking *habeas corpus* relief.

### Statute of Limitations and Equitable Tolling

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir.

1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action. The limitations period begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). At the very latest, Derrick Willis discovered that his federal petition for a writ of *habeas corpus* was untimely filed on April 23, 2004, the date the state filed its motion to dismiss the *habeas corpus* petition as untimely. That is the latest date when he could have become aware that he had suffered an injury – loss of the opportunity to file a federal *habeas corpus* petition. Thus, the limitations period for this § 1983 case expired three years later on April 23, 2007. The plaintiff filed the instant case on April 26, 2008 – 369 days after the expiration of the filing deadline. The plaintiff argues that his incarceration and inability to read should equitably toll the limitations period; however, "ignorance of the law, even when stemming from illiteracy, cannot justify tolling" the statute of limitations. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)(citing *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991). As such, the plaintiff's claim of denial of access to the courts shall be dismissed as untimely filed.

**Collateral Estoppel**

The plaintiff's claim that actions by the Inmate Legal Assistance Program coupled with his illiteracy should entitle him to equitable tolling – and permit him to file his petition for a writ of *habeas corpus* out of time – has already been decided and is thus barred by collateral estoppel. Collateral estoppel, or issue preclusion, bars relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). All of these elements are present in this case. First, this issue was actually litigated in Willis' petition for a writ of *habeas corpus* –

-4-

and discussed at length in the court's April 9, 2005, memorandum opinion and final judgment. Second, resolution of the equitable tolling issue was essential to the judgment because the petition would have been timely filed had the court found equitable tolling appropriate. Finally, the plaintiff himself was party to both cases. Thus, the elements of collateral estoppel have been met, and Willis is barred from relitigating whether the actions of Inmate Legal Assistance Program personnel coupled with his inability to read and write should entitle him to equitable tolling.

In sum, the plaintiff's claim shall be dismissed as untimely filed and under the doctrine of collateral estoppel. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE